IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John C. Nelums; Delmarshi H. Nelums,<br><br>Plaintiffs,<br><br>vs.<br><br>Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust 2005-A8CB Mortgage Pass-Through Certificates Series 2005-H; Ocwen Loan Servicing LLC; Mortgage Electronic Registration System; PHH Mortgage Services; John Does, 1-100,<br><br>Defendants. | C/A No. 3:20-cv-2932-JFA-PJG<br><br>**ORDER** |

## I.   INTRODUCTION

Plaintiffs John and Delmarshi Nelums, self-represented litigants, filed this action in the Richland County Court of Common Pleas seeking declaratory, injunctive, and equitable relief regarding a note and mortgage. Defendants removed this matter asserting diversity jurisdiction. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a Magistrate Judge for pre-trial proceedings.

Shortly after removal, Defendants filed a motion to dismiss. (ECF No. 11). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to Defendants' motion. (ECF No. 12). Plaintiffs filed a response in opposition to the motion. (ECF No. 21).

After reviewing the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this motion should be granted and Plaintiffs' complaint dismissed in its entirety. (ECF No. 37).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiffs filed objections to the Report on December 2, 2020. (ECF No. 41). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

Although Plaintiffs submitted over 40 pages in response to the Report, they have failed to present arguments that could be considered specific objections to the Report. A vast majority of Plaintiffs' filing discusses the Federal Magistrates Act, its legislative history, and various circuit precedent surrounding review of Magistrate Judge's Reports and Recommendations—all of which have no bearing on the legal and factual determinations at issue in this case. (ECF No. 41, p. 3-34).

The remaining statements in the objections can only be described as a general displeasure with the Magistrate Judge herself, Defense Counsel (personally and the firm), and the Federal proceedings in general. For instance, the objections state "Defendants-, attorney John B. Kelchner and Hutchens Law Firm South Carolina state judges Paige J. Gosset, with participating in two separates bribery schemes in which LPS, Kelchner, Hutchens Law Firm, arranged, guaranteed, and eventually paid off loans for John B. Kelchner and Hutchens Law Firm, allegedly to corruptly influence the outcome of cases Kelchner filed in this court." (ECF No. 41, p. 2)(written as it appears in the original). Additionally, Plaintiffs reference several exhibits and filings that appear to be nonexistent. Accordingly, Plaintiffs have failed to put forth any argument that, even when construed liberally, can reasonably be considered a specific objection.

Although Plaintiffs enumerate 20 objections under the heading "Objection to Magistrate Judge Paige J. Gosset Report and Recommendation," each "objection" is nothing more than a vague statement devoid of any reference to the Report and completely lacking in any support or citation. For instance, objection 1 states "Characterization/summary of the Complaint and Disallowance of Plaintiff's Responses to Defendants Motions to Dismiss" and objection 20 states "Fraud upon the Court." (ECF No. 41, p. 35-36). Accordingly, Plaintiffs have failed to offer specific objections to the Report.

In summation, the Plaintiffs object "to the Magistrate Judge Report and Recommendation in its **ENTIRETY**" (ECF No. 41, p. 3) but fail to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which they feel has been reached in error. "Generally stated,

nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiffs have failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

### IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 37). Consequently, Defendants' motion to dismiss (ECF No. 11) is granted and this case is dismissed.

IT IS SO ORDERED.

December 9, 2020                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge